Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| JR BUILDING LLC, JOSÉ ROMÁN FLORES<br><br>RECURRIDO<br><br>V.<br><br>ENDEAVOR CAPITAL PR LLC, KURT STENHOUSE<br><br>PETICIONARIO | TA2025CE00805 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2025CV00080<br><br>Sobre: Injunction(Entredicho Provisional, Injunction preliminar y permanente) |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la jueza Aldebol Mora

**Brignoni Mártir, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 15 enero de 2026.

Comparecen ante nos, Endeavor Capital PR, LLC ("Endeavor") y el señor Kurt Stenhouse ("señor Stenhouse"), en adelante, en conjunto, "los peticionarios." Solicitan nuestra intervención para que dejemos sin efecto la *"Resolución"* emitida y notificada el 18 de agosto de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante esta, el referido tribunal declaró *No Ha Lugar* la *"Moción de Desestimación,"* presentada por los peticionarios, dentro de un pleito civil incoado por JR Building LLC ("JR Building") y el señor José Román Flores ("señor Román"), en lo sucesivo, en conjunto, "los recurridos."

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari* presentado*.*

**I.**

El 7 de enero de 2025, los recurridos presentaron *"Demanda de Daños y Perjuicios y Solicitud de Entredicho Preliminar Urgente."* Relataron, que el 27 de junio de 2022, JR Building suscribió un pagaré a

favor de Endeavor. Sostuvieron, que para asegurar el pago de la obligación efectuada se otorgó una "Hipoteca Voluntaria" a favor de los peticionarios. Así las cosas, el 21 de febrero de 2023, los peticionarios instaron una acción de cobro de dinero y ejecución de hipoteca en el caso SJ2023CV01541. Surge de las alegaciones de los recurridos, que en dicho pleito llegaron a un acuerdo transaccional con los peticionarios a los fines de satisfacer el pago de la cuantía adeudada. Según adujeron, aparte de dicho acuerdo, el señor Stenhouse pactó con el señor Román que él le iba a conseguir unos prestamistas para financiar la deuda hipotecaria.

Sin embargo, esgrimieron que el señor Stenhouse incumplió con el referido pacto y en cambio les propuso ser su socio en el negocio denominado Healing Zone LLC. Añadieron, además, que en virtud de la confianza que prestó al acuerdo de financiamiento, el señor Román invirtió sobre 1.4 millones de dólares en el bien inmueble sujeto a hipoteca. A pesar de ello, arguyeron que la propiedad fue vendida en pública subasta al licitador Endeavor. Ante tales hechos, los recurridos peticionaron la concesión de un interdicto provisional para paralizar la acción de desahucio del inmueble vendido en subasta. A su vez, solicitaron un remedio en daños ante las aducidas acciones dolosas ejecutadas por el señor Stenhouse y en concepto de indemnización por las cantidades invertidas en el inmueble objeto de ejecución de hipoteca.

En atención al remedio interdictal peticionado, el 7 de enero de 2025, el foro primario notificó una *"Sentencia Parcial."* Mediante esta, desestimó dicha solicitud a razón de que los recurridos tienen remedios disponibles en el trámite ordinario para dilucidar la procedencia de sus reclamos.

Posteriormente, el 11 de marzo de 2025, los peticionarios presentaron *"Moción de Desestimación."* En síntesis, apoyaron su solicitud desestimatoria en la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. Particularizaron, que en el pleito SJ2023CV01541, Endeavor y JR Building llegaron a un acuerdo transaccional en el que JR Building admitió

que había incumplido con los pagos de la deuda hipotecaria. Ante ello, alegaron que las partes solicitaron que se dictara sentencia por consentimiento. Añadieron, que como parte del aludido acuerdo, JR Building accedió a que en caso de no cumplir con dicho acuerdo transaccional Endeavor podía ejercer sus derechos contractuales. A su vez, sostuvieron que en el referido acuerdo JR Building renunció a entablar cualquier acción relacionada al préstamo, el acuerdo transaccional y al caso de cobro de dinero. Además, aseveraron que las acciones de la presente demanda son meras conclusiones y carecen de especificidad. De otra parte, peticionaron que la acción en contra del señor Stenhouse sea desestimada bajo el argumento de que éste actuó como agente de la Corporación Endeavor y no en su capacidad personal. En virtud de las anteriores alegaciones, solicitaron la desestimación con perjuicio de la demanda.

En reacción, el 16 de abril de 2025, los recurridos presentaron *"Oposición a Moción de Desestimación."* En esencia, aseveraron que la demanda cumple con los requisitos necesarios para exponer una reclamación que justifica la concesión de un remedio. Especificaron, que las alegaciones son claras, no especulativas y fundamentan el hecho de que los peticionarios actuaron de forma temeraria con el propósito de beneficiarse de su negocio. Ante ello, solicitaron que se declarara *No Ha Lugar* la *"Moción de Desestimación."*

Tras evaluar los escritos presentados, el 18 de agosto de 2025, el foro recurrido notificó la *"Resolución"* que hoy nos ocupa. Mediante esta, declaró *No Ha Lugar* la *"Moción de Desestimación,"* presentada por los peticionarios.

Oportunamente, el 2 de septiembre de 2025, los peticionarios presentaron *"Moción de Reconsideración de Resolución."* La referida moción fue declarada *No ha Lugar* por el foro primario el día 23 de octubre de 2025.

En desacuerdo, el 24 de noviembre de 2025, los peticionarios presentaron un recurso de *certiorari* ante este Tribunal. Mediante este, esbozaron el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia al declarar No Ha Lugar la Moción de Desestimación presentada por la peticionaria toda vez que la demanda, aún tomando sus hechos como ciertos, no expone una reclamación que justifique la concesión de un remedio, por estar expresamente renunciada mediante acuerdo transaccional, por carecer de alegaciones específicas de fraude, y por pretender imputar responsabilidad personal a un agente corporativo en contravención al principio de personalidad jurídica.

El 5 de diciembre de 2025, esta Curia emitió y notificó una *"Resolución."* A través de esta, le advertimos a los recurridos que contaban con el término reglamentario de diez (10) días, según dispuesto en la Regla 37 del Reglamento del Tribunal de Apelaciones, para oponerse a la expedición del auto de *certiorari* presentado. Véase, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 60, 215 DPR \_\_\_\_ (2025).

Vencido el referido término reglamentario, procedemos a disponer del recurso de epígrafe sin el beneficio de la comparecencia de los recurridos.

**II.**

**A.   Recurso de *Certiorari:***

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 62-63, 215 DPR ___ (2025), delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al v. Arcos Dorados et al*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023); *Rivera et al v. Arcos Dorados et al*, supra; *Torres González v Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

**A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

**B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.

**C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G.** Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto." *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. *íd.* pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**B.       Desestimación al amparo de la Regla 10.2(5)**:

La Regla 10.2 de las Reglas de Procedimiento Civil, establece que antes de presentar una alegación responsiva, la parte demandada puede instar una moción en la que solicite la desestimación de la demanda instada en su contra. *Aut. de Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008). En lo pertinente, la referida regla dispone que:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) Falta de jurisdicción sobre la materia; (2) Falta de jurisdicción sobre la persona; (3) Insuficiencia del emplazamiento; (4) Insuficiencia del diligenciamiento del emplazamiento; (5) **Dejar de exponer una reclamación que justifique la concesión de un remedio;** (6) Dejar de acumular una parte indispensable. 32 LPRA Ap. V., R.10.2.

Conforme establece el inciso (5) de la precitada regla se podrá solicitar la desestimación de una demanda por el fundamento de que ésta no esboza una reclamación que justifique la concesión de un remedio. Regla 10.2 (5) de las Reglas de Procedimiento Civil, *supra*. Es decir, lo que se impugna es la suficiencia jurídica de las alegaciones para obtener algún remedio legal, no la veracidad de lo alegado, ni la capacidad del demandante para probarlo.

Al adjudicar una moción a base de este fundamento los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorables a la parte demandante. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc.* y otro, 2025 TSPR 1; *Costas Elena y otros v. Magic Sport* y otros, 213 DPR 523, 534 (2024); *López García v. López García*, 200 DPR 50, 69 (2018). En particular, el tribunal debe tomar como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas. *Accurate Sols v. Heritage Environmental*, 193 DPR 423, 433 (2015). Ello es así ya que, lo que se ataca con esta moción es un vicio intrínseco de la demanda, no los hechos aseverados. *Íd.*

Entonces, para que proceda una moción de desestimación, la parte demandada tiene que demostrar de forma certera que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pueda probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. (Citas omitidas). *Rivera, Lozada v. Universal,* 214 DPR 1007, 1023 (2024); *López García v. López García,* supra. No procede la desestimación si la demanda es susceptible de ser enmendada. *Díaz Vázquez et al. v. Colón Peña et al.,* 214 DPR 1135, 1150 (2024); *Accurate Sols. v. Heritage Environmental*, supra*; Aut. de Tierras v. Moreno & Ruiz Dev. Corp.,* supra. Solo en casos extremos, se debe privar a un demandante de su día en corte. *Íd.*

**III.**

Los peticionarios recurren de una determinación interlocutoria por medio de la cual el foro primario declaró *No Ha Lugar* su *"Moción de Desestimación"* amparada en la Regla 10.2(5) de Procedimiento Civil, *supra*.

Tras una revisión de la totalidad del expediente digital de SUMAC, concluimos denegar la expedición del auto de *certiorari* presentado.

Conforme fue expuesto, la petición desestimatoria a tenor de la Regla 10.2(5), *supra* tiene el propósito de impugnar un vicio intrínseco de la demanda y no los hechos aseverados. En otras palabras, esta petición se dirige a objetar la suficiencia jurídica de las alegaciones y no se extiende a la veracidad de lo alegado ni a la capacidad del demandante para probarlo. Así pues, para que proceda una moción de desestimación al amparo de la precitada Regla, los tribunales deben tomar como ciertos los hechos bien alegados en la demanda e interpretarla de la forma más liberal posible a favor de la parte demandante. La parte demandada prevalecerá si establece con toda certeza que la parte demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda ser probado en apoyo a su reclamación. Solo en casos extremos se debe privar a una parte de su día en corte.

Por otro lado, la expedición de un recurso de *certiorari* es de naturaleza discrecional. La Regla 40 del Tribunal de Apelaciones, *supra* orienta la facultad discrecional que le asiste a este Tribunal. En vista de lo anterior, al examinar los criterios recogidos en la precitada Regla, determinamos denegar la expedición del recurso de epígrafe. La *"Resolución"* recurrida no es contraria a derecho y no proviene de una apreciación parcializada, prejuiciosa o que exhiba error manifiesto.

Es necesario puntualizar, que al denegar el auto de *certiorari* presentado no estamos prejuzgando los méritos de los reclamos entablados. Únicamente declinamos intervenir en el asunto que hoy se nos solicita revisar.

**IV.**

Por los fundamentos que anteceden, *denegamos* la expedición del recurso presentado.

Lo acuerda el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones